# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Simret Semere Tekle,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | D. Kan. Case No.: 19-mc-107-JWB-GEB |
| ) | |
| **Nouf Bint Nayef Abdul-Aziz Al Saud** ) | E.D. Va. Case No.: 18-cv-211-RDA-JFA |
| **and** ) | |
| **Mohammad bin Abdullah Al Saud,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Nonparty Bereket Tekle's Motion to Quash Defendants' Subpoena Duces Tecum (**ECF No. 1**). The Court has reviewed the Motion to Quash, Memorandum in Support, and attached exhibits.[1] No response was filed.[2] After careful consideration of the Motion to Quash, Memorandum in Support, and attached exhibits, the Court **GRANTS** the Motion to Quash.

### I.   Background

The Subpoena Duces Tecum ("Subpoena") at issue relates to a case filed in the Eastern District of Virginia, *Tekle v. Al Saud et al*, Case Number 18-cv-00211 ("Underlying Case"). In that case, Plaintiff Simret Semere Tekle ("Plaintiff") is seeking

---

[1] *See* ECF No. 2.
[2] The Amended Certificate of Service (ECF No. 4) shows Mr. Tekle's counsel served Defendants' counsel a copy of the Motion to Quash by email on August 21, 2019, making Defendants' response due September 4, 2019. *See* D. Kan. Rule 6.1(d)(1).

1

damages from Defendants Nouf Bint Nayef Abdul-Aziz Al Saud and Mohammad bin Abdullah Al Saud ("Defendants") for alleged human trafficking and forced labor.[3] Discovery in the Underlying Case closed on May 24, 2019.[4] However, Defendants served the Subpoena on nonparty Bereket Tekle, who resides in Wichita, Kansas, on August 19, 2019.[5] The Subpoena requested Mr. Tekle to produce documents responsive to nine categories of documents requests, spanning a time period from January 1, 2010 to the present, to a law firm located in Wichita, Kansas by 10:00 AM on August 21, 2019.[6] In lieu of answering the Subpoena, Mr. Tekle filed the instant Motion to Quash on August 21, 2019 in this Court. Because the Subpoena requires compliance in this District, it is appropriate for this Court to decide the Motion to Quash.[7]

## II. Discussion

Mr. Tekle asks this Court to quash the Subpoena on two grounds. First, Mr. Tekle argues the Subpoena does not allow a reasonable time for compliance. Fed. R. Civ. P. 45(d)(3)(A)(i) states a court "must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." The Court agrees. As stated above, the Subpoena was issued and served on August 19, 2019, and required compliance within two days, by August 21,

---

[3] *Tekle v. Al Saud et al*, Case No. 18-cv-00211-RDA-JFA (E.D. Va.), *see generally* Second Amended Complaint (ECF No. 53).
[4] *Id.* at ECF No. 68.
[5] *See* ECF No. 2, p. 2; *see* a copy of the Subpoena at Exhibit A, ECF No. 2 at pp. 8-14.
[6] *Id.*
[7] *See* Fed. R. Civ. P. 45(d)(3)(A); *hibu Inc. v. Peck*, No. 16-CV-1055-JTM-TJJ, 2017 WL 2985751, at *1 (D. Kan. July 13, 2017) ("While subpoenas must be issued from the court where the action is pending, the authority to quash or modify the subpoena remains with the court for the district where compliance is required.").

2019. Two days for compliance with a subpoena requesting nine categories of documents, spanning an almost ten-year time frame, is not reasonable.[8]

Second, Mr. Tekle argues the Subpoena subjects him to an undue burden. Rule 45(d)(3)(A)(iv) states a court "must quash or modify a subpoena that . . . subjects a person to undue burden." "Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'"[9]

Mr. Tekle's main argument is the information sought in the Subpoena is irrelevant because it is outside the narrow scope of discovery allowed by the Court in the Underlying Case. A review of the docket in the Underlying Case shows this to be accurate. On September 6, 2019, the Court there entered an Order granting Plaintiff's motions to quash three of Defendants' subpoenas issued around the same time period as Defendants issued the instant Subpoena to Mr. Tekle. The Order states:

> The time period for the parties to conduct discovery in this case is long over. Nevertheless, the court did allow the parties additional time to conduct limited discovery concerning plaintiff's possible use of Facebook while she was employed by the defendants. The court thought it was clear that any such discovery was to be directly limited to that issue, and that issue

---

[8] *See, e.g., Patel v. Snapp*, No. 10-2403-JTM, 2013 WL 5876435, at *3, 4 (D. Kan. Oct. 31, 2013) (finding five days for compliance with a subpoena seeking eighteen categories of documents unreasonable; finding five days for compliance with a different subpoena seeking five categories of documents unreasonable ); *Peoples v. Wichita State Univ*., No. 18-CV-1010-JWB-TJJ, 2019 WL 1332313, at *3-4 (D. Kan. Mar. 25, 2019) (granting motion to quash a subpoena that gave defendant fourteen days to produce nine categories of documents); *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2017 WL 3723277, at *9 (D. Kan. Aug. 29, 2017) (finding twelve days to comply with a subpoena unreasonable).

[9] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211 F.R.D. 658, 662 (D. Kan. 2003) (internal citations omitted).

alone. The court also thought it was clear that if the parties could not agree as to what discovery was to be taken as to that limited issue, they would need to seek permission from the court. Unfortunately, it appears that the defendants did not understand the limitations established by the court and have undertaken to take discovery on issues that appear to be beyond the limited issue described by the court and that has not been agreed to by plaintiff. The court sees no basis for a finding of good cause to allow the defendants to serve subpoenas on AT&T, Sprint, or Kirby Plessas. As to the subpoenas to AT&T and Sprint, the court finds defendants' reasons for claiming the information from those providers to be related to the plaintiff's Facebook use while employed by the defendants unpersuasive. For example, the time period for the records sought in these subpoenas (August 16, 2012 to August 16, 2019 and August 1, 2018 to August 16, 2019) is far beyond the issue of Facebook use while plaintiff was employed by the defendants. Furthermore, it clear that plaintiff has not agreed to the far ranging and tangential discovery sought in these subpoenas to AT&T and Sprint. . . . [T]he court allowed discovery to get the bottom of whether plaintiff had and used a Facebook account while she was employed by the defendants 'that you can agree to do.' If the parties were unable to agree, the party seeking additional discovery was required to seek the court's approval and not unilaterally propound additional discovery.[10]

While the instant Subpoena does inquire about Facebook communications Mr. Tekle had with Plaintiff, it also requests information regarding Mr. Tekle's Facebook communications with others, Facebook posts made by Mr. Tekle, and photos uploaded to Facebook by Mr. Tekle,[11] making many of the requests outside the narrow discovery allowed by the Court in the Underlying Case as described above. Additionally, the Subpoena asks for documents covering the time period from January 1, 2010 to the present. This is overly broad given the Court in the Underlying Case narrowed the scope of

---

[10] *Tekle v. Al Saud et al*, Case No. 18-cv-00211-RDA-JFA (E.D. Va.), Order, pp. 1-2 (ECF No. 451).

[11] *See* document request numbers 1, 2, 4, 7, 8, and 9 of the Subpoena at ECF No. 2, pp. 13-14.

4

discovery to Plaintiff's possible Facebook use while she was employed by Defendants. Plaintiff was employed by Defendants from September of 2011 to April of 2012.[12]

Finally, it does not appear this discovery to Mr. Tekle was agreed to by Plaintiff and Defendant in the Underlying Case, as was required by the Court. Nothing on the docket in the Underlying Case reflects an agreement or court order for issuance of the Subpoena. Additionally, if the discovery was agreed upon or ordered by the Court in the Underlying Case, this Court presumes a Motion to Quash would not have been filed.

For the reasons stated above, and because Defendants did not respond to the Motion to Quash,[13] the Court will grant the Motion.

**IT IS THEREFORE ORDERED** that Nonparty Bereket Tekle's Motion to Quash Defendants' Subpoena Duces Tecum (ECF No. 1) is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of September, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[12] *Id.* at Second Amended Complaint, ¶¶ 26, 61 (ECF No. 53), Plaintiff's Memorandum in Support of Her Motion to Quash Defendants' Subpoena to Kirby Plessas, p. 3 (ECF No. 368).

[13] *See* D. Kan. Rule 7.4(b) ("If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").